UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAQUEL MARTINEZ MENDO, Individually and as Representative of the Estate of Jose De Jesus Del Angel; ROCIO HERNANDEZ FLORES, Individually and as Representative of the Estate of Miguel Angel Silva Borjas and as Next Friend of M. A. S. H. and A. E. S. H., Minor Children; SOCORRO REYES QUIROZ, Individually and as Representative of the Estate of Ricardo Gonzalez Dominguez and as Next Friend of J.G. R., a Minor Child ORALIA FRANCISCO BARRIENTOS, Individually and as Representative of the Estate of Marco Antonio Garces Cervantes and as Next Friend of F. N. G. F. and Z. G. G. F., Minor Children<br><br>*Plaintiffs*<br><br>v.<br><br>ICA FLUOR DANIEL, S. DE R.L. DE C.V., ESEASA CONSTRUCCIONES S.A. DE C.V. d/b/a GULF SPECIAL SERVICES, INC., GULF SPECIAL SERVICES INC., d/b/a ESEASA CONSTRUCCIONES S.A. DE C.V., EMPRESAS ICA, S.A.B. DE C.V., FLUOR CORP., and MANITOWOC CRANES, LLC.<br><br>*Defendants* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:16-cv-00062 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO AND MOTION TO STRIKE DECLARATIONS ATTACHED TO DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS***

Defendants Fluor Corporation ("Fluor Corp."), ESEASA CONSTRUCCIONES S.A. de

C.V. ("ESEASA"), Manitowoc Cranes, LLC ("Manitowoc"), ICA Fluor Daniel, S. de R.L. de

C.V. ("ICA Fluor"), Gulf Special Services, Inc. ("Gulf Special Services"), and Empresas ICA,

S.A.B. de C.V. ("Empresas ICA") (collectively "Defendants") file this Response to Plaintiffs'

Objections to and Motion to Strike Declarations ("Motion to Strike") attached to Defendants' Motion to Dismiss for *Forum Non Conveniens* and would respectfully show the following:

## I. INTRODUCTION

Plaintiffs' objections to the declarations attached to the Defendants' Motion to Dismiss for *Forum Non Conveniens* are groundless, pro forma, and contradicted by legal authority. Plaintiffs object to parts of the declaration of Hugo Agustín Arreola Plata ("Arreola Decl."), the General Counsel of ICA Fluor, as hearsay, containing improper legal conclusions, lacking foundation and personal knowledge, and as vague. First, Lic. Arreola, as a Mexican lawyer, refers to those aspects of Mexican law he deals with directly in this role as General Counsel of ICA Fluor. Further, under Federal Rule of Civil Procedure 44.1, this Court may rely on any relevant materials with respect to Mexican law without regard to their admissibility. As to foundation, Lic. Arreola has sworn that he has personal knowledge of the facts to which he attests and described at length how he obtained his knowledge. Indeed, personal knowledge can easily be inferred from Lic. Arreola's position as General Counsel at ICA Flour. Likewise, Plaintiffs' vagueness objection fails. The phrase that Plaintiffs' complain of is not vague.

Plaintiffs also object to portions of the declaration of Edward Martin Regalado ("Regalado Decl."), an expert in Mexican law. Plaintiffs make global objections that Lic. Regalado is not legally qualified and that his affidavit is based on inadmissible hearsay. Plaintiffs also object that portions of Lic. Regalado's affidavit are based on inadmissible hearsay and contain improper legal conclusions. In objecting to Lic. Regalado's qualifications as an expert, Plaintiffs invent a new standard for expert testimony, one unsupported by law. Regarding the hearsay objections, Lic. Regalado's testimony permissibly references Mexican law under Rule 44.1 and thus is not inadmissible hearsay. Finally, regarding Plaintiffs' objections to the

2

allegedly improper legal conclusions, it is unclear what Plaintiffs believe an expert on Mexican law should opine on, if not Mexican law. Indeed, Plaintiffs' purported legal expert attested to his own interpretations of Mexican law, making legal conclusions regarding whether Mexican courts have jurisdiction over the U.S. Defendants. *See, e.g.*, [Dkt. Nos. 24-10, 24-11, 24-12]. For these reasons, the Court should deny Plaintiffs' Motion to Strike and Overrule Plaintiffs' Objections. If the court does sustain an objection or grant the Motion to Strike in part, Plaintiffs further request that the Court strike only that part objected to, rather than the affidavit in its entirety. *See Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992) ("The court should disregard only the inadmissible portions of a challenged affidavit.").

## II. ARGUMENTS AND AUTHORITIES

**A. Plaintiffs' Hearsay Objections Should Be Overruled Because They Are Directly Contradicted by the Federal Rules of Civil Procedure and Are Unsupported by Case Law.**

Plaintiffs object that the following paragraphs contain inadmissible hearsay, on the basis that it is improper to rely "on Mexican law that has not been admitted into this Court" and "on pleadings filed in a separate proceeding that have not been admitted into this Court":

 a. Arreola Decl., ¶ 14
 b. Arreola Decl., ¶ 29
 c. Arreola Decl., ¶ 30
 d. Arreola Decl., ¶ 31
 e. Arreola Decl., ¶ 32
 f. Regalado Decl., Question 6
 g. Regalado Decl., Question 7
 h. Regalado Decl., Question 8
 i. Regalado Decl., Question 9
 j. Global Objection to the Regalado Declaration

The Federal Rules state otherwise. Under Federal Rule of Civil Procedure 44.1, "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." FED. R. CIV. P. 44.1. Under this rule, "a court may consider any relevant material or

source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." *Id*; *see also Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 713 (5th Cir. 1999) ("Under this rule, expert testimony accompanied by extracts from foreign legal material is the basic method by which foreign law is determined."). Indeed, Defendants have given several notices of their intent to rely on Mexican law. [Dkt. No. 1, Exhs. A-12, at 9; A-13, at 11; A-16, at 10]. With regard to Plaintiffs' global hearsay objection to the Regalado Declaration, the response is the same. In addition, global objections are not effective. *United States v. Avants*, 367 F.3d 433, 445 (5th Cir. 2004); *Larkin v. Baylor Med. Ctr. of Irving*, No. CIV.A.3:97-CV-0171-L, 1999 WL 304559, at *6 (N.D. Tex. May 7, 1999) (holding that the court was "unable to sustain this type of non-specific 'global' objection"). Under the Federal Rules, this Court may consider Defendants' materials; Plaintiffs' objections are baseless.

Plaintiffs also object that the following paragraphs contain inadmissible hearsay on the basis that the "exhibits are in a foreign language and have not been properly translated into English":

    a. Arreola Decl., ¶ 29

    b. Arreola Decl., ¶ 30

    c. Arreola Decl., ¶ 31

The sole case that Plaintiffs rely on interpreted requirements for federal court practice in Puerto Rico, under both the Jones Act and under a Puerto Rican local rule. *United States v. Rivera-Rosario*, 300 F.3d 1, 5-6, 21 n. 4 (1st Cir. 2002) ("Congress enacted section 42 of the Jones Act, which requires that "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico . . . be *conducted* in the English language."). This case is not pending in

4

Puerto Rico, but in the Southern District of Texas. Plaintiffs' objections, based solely on Puerto Rican procedural rules, fail.

In any event, Defendants provided certified translations by a qualified translator of each of the documents referenced in the objected-to paragraphs. [Dkt. Nos. 15-2; 15-4]. Plaintiffs make no argument concerning the accuracy of Defendants' translations. Further, *Nipper v. Stipes*, 7 F.3d 415, 417 (4th Cir. 1993) is neither here nor there. That case dealt with whether judicial findings of fact from another case could be used to establish the same facts in a separate proceeding. Here, the objected-to paragraphs reference court filings from lawsuits Plaintiffs filed in Mexico concerning the same allegations they make in this case. Those documents are being offered to show that Plaintiffs filed multiple lawsuits in Mexico before bringing the instant suit, not to prove the truth of any matters asserted therein. Accordingly, the statements are not hearsay. FED. R. EVID. 801(c) (defining hearsay as a statement "offer[e]d in evidence to prove the truth of the matter asserted").

Finally, plaintiffs object to the below material simply as "hearsay":

    a. Arreola Decl., ¶ 25

"Evidentiary objections must be specific." *Avants*, 367 F.3d at 445. Simply declaring that a paragraph of Lic. Arreola's declaration is hearsay, without more, is insufficient and conclusory. *See Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006) (denying a motion to strike statements in an affidavit where the plaintiffs' objections "based on inadmissible hearsay" in her motion to strike did "not meet the specificity requirement of Rule 103(a)(1)").

**B. Plaintiffs' Global Objection to Lic. Regalado's Qualifications Fails Because It Is Unsupported by Law.**

Lic. Regalado is fully qualified to render his opinions in light of his specialized education and experience both practicing and teaching law in Mexico. Lic. Regalado's qualifications to

testify regarding his opinions, and the reliability and admissibility of his opinions, are fully established by Lic. Regalado's sworn affidavit. [Dkt. No. 15-3, Ex. 1]. On the other hand, Plaintiffs can cite to no rule or case requiring that Lic. Regalado "swear upon such qualification or that his statements are based upon his experience as a practicing attorney." [Dkt. No. 21, at 7-8].

### C. Plaintiffs' Objections for Improper Legal Conclusions Fail Because Some Paragraphs Objected to Are Not Conclusions, and Others Are Expert Opinions.

Plaintiffs object to the following paragraphs on the basis that they are "improper legal conclusions":

a. Arreola Decl., ¶ 13
b. Arreola Decl., ¶ 14
c. Regalado Decl., Question 5
d. Regalado Decl., Question 6
e. Regalado Decl., Question 7
f. Regalado Decl., Question 8
g. Regalado Decl., Question 9

While conclusory statements in an affidavit are sometimes inadmissible, just because testimony includes a word that is used in the practice of law does not make it a legal conclusion.

Lic. Arreola is the General Counsel of ICA Fluor, "oversee[s] the legal affairs of the company" and is "familiar with ICA Fluor's legal structure, the contracts and agreements that ICA Fluor enters into, the internal governance of ICA Fluor . . . and ICA Fluor's business and operations generally." Arreola Decl., at ¶ 2. Accordingly, Lic. Arreola's statements that ICA Fluor has not done business in Texas or directed business towards Texas are facts, not legal conclusions. Likewise, Lic. Arreola's statement that Empresas ICA and Fluor Corp. are not agents of ICA Fluor is a fact, not a legal conclusion.

As discussed above, Lic. Regalado is a practicing attorney in Mexico, and a professor of Mexican law, fully qualified as an expert to issue opinions about Mexican law. For example, Lic.

6

Regalado's affidavit provides analysis of the laws of a foreign forum, as required to determine that availability and adequacy of a foreign forum in the *forum non conveniens* inquiry. *See, e.g.*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 (1981) (noting that Scottish law would apply to part of the case, the court "was unfamiliar with Scottish law," and "would have to rely upon experts from that country.") Furthermore, to the extent Plaintiffs object that Lic. Regalado's testimony "does not help the trier of fact," the purpose of Lic. Regalado's declaration is to aid the court in determining foreign law, which is not a question of fact but one of law. FED. R. CIV. P. 44.1. ("The court's determination must be treated as a ruling on a question of law."). Thus, Plaintiffs' objections about Lic. Regalado making legal conclusions fail.

   **D. Plaintiffs' Foundation and Personal Knowledge Objections Fail Because the Affiant Both Attests to His Personal Knowledge and Provides Facts From Which His Personal Knowledge May Be Inferred.**

Plaintiffs object to the below paragraphs for "lack of foundation and lack of personal knowledge":

   h. Arreola Decl., ¶ 21
   i. Arreola Decl., ¶ 22
   j. Arreola Decl., ¶ 25
   k. Arreola Decl., ¶ 26

Lic. Arreola testified that he has "personal knowledge of the facts hereinafter stated, and said facts are true and correct." [Dkt. 13-1 Exh. A] Moreover, from Lic. Arreola's experience as General Counsel for ICA Fluor, it is reasonable to infer that he has knowledge of the involvement of parties with which ICA Fluor has contracted and the employment status of the workers involved in the incident. *See Perez v. Alcoa Fujikura, Ltd.*, 969 F.Supp. 991, 998 (W.D. Tex. 1997) (noting that declaration containing statement that it was based on personal knowledge constituted "sufficient indicia of personal knowledge" to overcome evidentiary objections); *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir.

7

2012) (citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005)) ("Personal knowledge may be demonstrated by showing that the facts stated 'reasonably' fall within the 'sphere of responsibility' of the affiant as a corporate employee.").

### E. Plaintiffs' Vagueness Objection Should Be Overruled Because Plaintiffs Have Cherry-picked the Phrase, and Impermissibly Take It Out of Context.

Plaintiffs object to the use of the word "involved" in following sentences: "Fluor Corp. did not hire any of the individuals involved with the Veracruz Accident. Empresas ICA did not hire any of the individuals involved with the Veracruz Accident." [Dkt. No. 21, at 4-5] (citing Arreola Decl., ¶ 26). Paragraph 26 is not vague. The meaning of the sentence is apparent—no one from Empresas ICA and Fluor Corp. had any involvement with the accident. Lic. Arreola spent the preceding paragraphs describing individuals who were involved with the Veracruz Accident: three of the four workers whose families were bringing suit had been hired by ICA Fluor; the fourth worker had been employed by TTG; the crane was owned by ESEASA, the crane operator was an employee of TTG. Arreola Decl., ¶ 25-26. To claim that Lic. Arreola's explanation that no individuals involved with the Accident had been hired by Fluor Corp. or Empresas ICA is vague is to take Lic. Arreola's statement completely out of context. *See, e.g.*, *Adonai Commc'ns, Ltd. v. Awstin Investments, LLC*, No. 3:10-CV-2642-L, 2011 WL 4712246, at *5 (N.D. Tex. Oct. 7, 2011) (finding that "worked with" was not vague because it related back to the affiant's previous assertion that he participated in due diligence and negotiated the agreement).

### III. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Strike and Overrule Plaintiffs' Objections. Should the Court sustain an objection or grant the Motion to

Strike in part, Defendants request that the Court strike only that part objected to, rather than the affidavit in its entirety.

Dated: June 10, 2016

Respectfully Submitted,

/s/ *Spencer Edwards*
  Spencer Edwards
  State Bar No. 90001513
  Federal ID No. 21669
  sedwards@hudgins-law.com
  THE HUDGINS LAW FIRM, P.C.
  24 Greenway Plaza, Suite 2000
  Houston, Texas 77046
  Telephone (713) 623-2550
  Facsimile (713) 623-2793

*Attorneys for Defendant Gulf Special Services, Inc.*

/s/ *Kevin M. Young*
  Kevin M. Young
  State Bar No. 22199700
  Federal ID No. 17920
  Direct Line: (210) 477-7404
  kyoung@phy-law.com
  PRICHARD HAWKINS YOUNG, LLP
  Union Square, Suite 600
  10101 Reunion Place
  San Antonio, Texas 78216
  (210) 477-7400 - Telephone
  (210) 477-7450 - Facsimile

*Attorneys for Defendant Manitowoc Cranes, LLC*

/s/ *Wade C. Crosnoe*
Wade C. Crosnoe
Attorney-in-Charge
Texas Bar No. 00783903
SDT Bar No. 216972
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos Street, Suite 1500
Austin, Texas 78701
Telephone: (888) 708-8200
Facsimile: (512) 708-8777
Email: wcrosnoe@thompsoncoe.com

*Attorneys for Defendant ESEASA CONSTRUCCIONES, S.A. de C.V.*

Jaime A. Saenz
Of Counsel
Texas Bar No. 17514859
SDT Bar No. 7630
COLVIN, CHANEY, SAENZ
& RODRIGUEZ, LLP
1201 E. Van Buren Street
[P.O. Box 2155, 78522-2155]
Brownsville, Texas 78520
Telephone: 956.542.7441
Facsimile: 956.541.2170
Email: ja.saenz@rcclaw.com

| | |
|---|---|
| Eduardo R. Rodriguez<br>Texas Bar No. 00000080<br>Federal ID No. 1944<br>errodriguez@atlashall.com<br>Michael Rodriguez<br>Texas Bar No. 00791553<br>Federal ID No. 18759<br>mrodriguez@atlashall.com<br>ATLAS, HALL & RODRIGUEZ, LLP<br>50 West Morrison Road, Suite A<br>Brownsville, TX 78520<br>Telephone: 956.632.9333<br>Fax: 956.574.9337 | /s/ *Phillip B. Dye, Jr.*<br>Phillip B. Dye, Jr.<br>Attorney-in-Charge<br>Texas Bar No. 06311500<br>Federal ID No. 7216<br>pdye@velaw.com<br>David C. Currie<br>Texas Bar No. 24084240<br>Federal ID No. 2543117<br>dcurrie@velaw.com<br>Page S. Robinson<br>Texas Bar No. 24093053<br>Federal ID No. 2783029<br>probinson@velaw.com<br>VINSON & ELKINS LLP<br>1001 Fannin, Suite 2500<br>Houston, Texas 77002<br>Telephone: 713.758.2048<br>Fax: 713.615.5766<br><br>*Attorneys for Defendants Fluor Corporation, ICA Fluor Daniel, S. de R.L. de C.V., and Empresas ICA, S.A.B. de C.V.* |

**CERTIFICATE OF SERVICE**

      I certify that on the **10th** day of **June, 2016**, I submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the Court. I hereby certify that I have served all counsel of record in the manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Benigno (Trey) Martinez    trey@mbymlaw.com
Tomas F. Tijerina    tomas@mbymlaw.com
Eduardo (Wayo) Ortiz    eduardo@mbymlaw.com
Law Office of Benigno (Trey) Martinez
1201 E. Van Buren
Brownsville, TX 78521

and

Jason M. Davis    jdavis@dslawpc.com
Santos Vargas    svargas@dslawpc.com
Davis & Santos
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, TX 78205
*Attorneys for Plaintiffs*

Phillip B. Dye, Jr.    pdye@velaw.com
David C. Currie    dcurrie@velaw.com
Page S. Robinson    probinson@velaw.com
Vinson & Elkins LLP
1001 Fannin, Suite 2500
Houston, Texas 77002

Eduardo R. Rodriguez    errodriguez@atlashall.com
Michael Rodriguez    mrodriguez@atlashall.com
Atlas, Hall & Rodriguez, LLP
50 West Morrison Road, Suite A
Brownsville, Texas 78520
*Attorneys for Defendants*
*Fluor Corporation ICA Fluor Daniel, S. de R.L. de C.V., and*
*Empresas ICA, S.A.B de C.V.*

Wade C. Crosnoe             wcrosnoe@thompsoncoe.com
Sara B. Churchin             schurchin@thompsoncoe.com
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos Street, Suite 1500
Austin, Texas 78701

Jaime A. Saenz             ja.saenz@rcclaw.com
Colvin, Chaney, Saenz & Rodriguez, LLP
1201 E. Van Buren Street
P.O. Box 2155, 78522-2155
Brownsville, Texas 78520
***Attorneys for Defendant, Eseasa Construcciones, S.A. de C.V.***

Spencer Edwards             sedwards@hudgins-law.com
The Hudgins Law Firm
A Professional Corporation
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
***Attorney for Defendant, Gulf Special Services, Inc.***

Kevin M. Young             kyoung@phy-law.com
PRICHARD HAWKINS YOUNG, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
***Attorneys for Defendant Manitowoc Cranes, LLC***

                                                   /s/ *David C. Currie*
                                                   David C. Currie